**In re WRIGHT AIR LINES, INC., Debtor, Debtor-In-Possession.**

**Bankruptcy No. B84–2493.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Nov. 13, 1984.

William Fumich, Cleveland, Ohio, for debtor.

Richard Seltzer, Cohen, Weiss & Simon, New York City, Bruce A. York, Washington, D.C., for Air Line Pilots Ass'n.

## MEMORANDUM OF DECISION AND ORDER

ALICE M. BATCHELDER, Bankruptcy Judge.

This cause came on for hearing on the application of the Debtor-In-Possession, pursuant to 11 U.S.C. § 1113(e) for Interim Relief from the provisions of its collective bargaining agreement with the Air Line Pilots Association, International. The Court having considered the motion and the evidence presented, as well as the Memorandum of Law submitted by the Air Line Pilots Association, no memorandum having been submitted by the Debtor-In-Possession nor leave to submit one having been

requested, the Court finds that the Application for Interim Relief is not well taken.

At the outset, it must be noted that the specific provisions of the collective bargaining agreement from which the Debtor-In-Possession seeks relief do not appear in the application, and were first delineated at the hearing. This Court questions seriously whether, in the context of the newly enacted Section 1113, an application seeking entirely unspecified relief meets the notice requirements contemplated by the statute. No formal objection having been raised by the Union, however, the Court will not now make such a determination.

■ 11 U.S.C. § 1113, which provides for the rejection of collective bargaining agreements, is a new statute, and largely uninterpreted, to date. However, even without the benefit of interpretation by other Courts, it appears clear that sub-section e of the statute imposes upon the Debtor-In-Possession a heavy burden. In order for the interim relief to be granted, the Debtor-In-Possession must establish either that the relief sought is *essential* to the *continuation* of its business, or, that irreparable damage to the Debtor-In-Possession will result if the relief is not granted.

■ The evidence presented by the Debtor-In-Possession does not establish that the relief sought is essential to the continuation of the operation of Wright Air Lines, either financially or administratively. The financial information presented by the Debtor-In-Possession was largely incomplete, and no reliable projections were presented as to the probable income and expenses for the months of November and December. All of the figures presented were based on assumptions which the chief witness for the Debtor-In-Possession admitted were not valid assumptions for purposes of financial projections. None of the witnesses for the Debtor-In-Possession was able to testify as to what dollar amount of savings would be required to enable the company to survive. Additionally, the costs which the Debtor-In-Possession projects in connection with the training which would be required if the interim relief were not granted appear to be approximately Seventy-One Thousand Dollars ($71,000.00). The financial information which was presented indicates that Wright Air Lines is presently losing upwards of Eight Hundred Thousand Dollars ($800,000.00) each month. Thus the cost of the training amounts to less than ten percent of Wright's monthly losses.

There is no question that the pilot training which would be required as a result of denial of Wright's application is burdensome and uneconomical. However, the evidence presented by Wright does not show that the relief sought is essential to permit the company to continue its operations. The strongest showing which Wright can be said to have made is that the relief would be necessary to permit Wright to continue its operations on the basis upon which they would prefer to continue these operations.

Furthermore, the Debtor-In-Possession has not demonstrated that failure to obtain the relief sought will result in irreparable damage to the company. This company continues to operate with enormous losses, and no showing was made that an increase of less than ten percent in one months losses would constitute irreparable damage. Furthermore, the Debtor-In-Possession neither made nor attempted to make any showing that the inability of Wright Air Lines to implement on December 1, 1984, the plan under which it desires to continue its operations would result in irreparable damage. In fact, the evidence fails to show any specific consequences to Wright whatever.

Finally, a major problem central to this application for relief has not been addressed at all by the Debtor-In-Possession. Since the relief sought is by statute interim in nature and thus would extend only to the date of decision on the pending Motion to Reject the Collective Bargaining Agreement in its entirety, the issue of what will occur in the event that rejection were not granted would appear to impact strongly upon the instant application. This Court wishes to stress that its determination not

to grant the interim relief is not based on this problem. Nonetheless, under the peculiar circumstances of this case, it would appear that the granting of interim relief as requested by the Debtor-In-Possession would result in major administrative problems. Specifically, if this interim relief were granted, the pilots recalled by seniority in affected air craft, as opposed to the terms of the Collective Bargaining Agreement, would, in the event that the Motion to Reject the Collective Bargaining Agreement were denied, have to be furloughed immediately upon such denial. Thus, any training program in which they were involved would appear to be left, so to speak, in mid-air. The addressing of this potential problem in the context of the Application for Interim Relief would have been most helpful.

Accordingly, this Court finds that the Debtor-In-Possession has failed to sustain the burden required by 11 U.S.C. § 1113(e), and the Application for Interim Relief must be denied.